# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| SUSAN ALFORD BRUCE | CIVIL ACTION NO. 07-0480 |
| VS. | CHIEF JUDGE HAIK |
| RICHARD ALLEN, ET AL. | MAGISTRATE JUDGE METHVIN |

*RULING ON PENDING MOTIONS FILED BY PLAINTIFF*
*(Rec. Docs. 24-27)*

Before the court are four motions filed by *pro se* plaintiff Susan Alford Bruce: 1) motion for summons of all witnesses; 2) motion to compel; 3) a second motion for summons of all witnesses; and 4) motion for medical records to be subpoenaed.[1]  Defendants filed a response to the motions.[2]

*Background*

On March 5, 2007, plaintiff filed a civil rights complaint (42 U.S.C. §1983).  Plaintiff is an inmate in the custody of the Alabama Department of Corrections (ADOC).  She is currently incarcerated at the Julia Tutwiler Prison for Women (JTPW), Wetumpka, Alabama, however, she complains that her constitutional rights were violated while she was incarcerated at the South Louisiana Corrections Center (SLCC) in Basile, Louisiana from December 1, 2003 to July 25, 2006.

On July 6, 2007, the undersigned issued a report recommending that 18 of plaintiff's 19 claims be dismissed with prejudice.[3]  On September 11, 2007, the district judge entered

---

[1] Rec. Docs. 24-27.

[2] Rec. Doc. 30.

[3] Rec. Doc. 11.

2

Judgment adopting the recommendations.[4]  Thus, plaintiff's only remaining claim is that on April 21, 2006 Major Stridel used excessive force on plaintiff causing injury to her right wrist and bruises on her legs.  Defendants have filed an answer, denying that excessive force was used.[5]  Subsequently, plaintiff filed the four motions which are pending before the court.

**Motions for Summons of All Witnesses (Rec. Docs. 24 and 26)**

On December 5, 2007, plaintiff filed duplicate motions for summons of all witnesses. Plaintiff seeks a court order summonsing and transporting 22 witnesses to any evidentiary hearing or trial in this matter.  A review of the witness list shows that the last known addresses for all witnesses are Alabama addresses.  Defendants oppose the summonses of these witnesses because the court does not have subpoena power over the Alabama witnesses.

Federal Rule of Civil Procedure 45 (c)(3)(A)(ii) prohibits the court from allowing a witness to be subpoenaed if it "requires a person who is neither a party nor a party's officer of a party to travel more than 100 miles from the place where that person resides, is employed, or regularly transacts business. . ."[6]

---

[4] Rec. Doc. 18.

[5] Rec. Doc. 16.

[6] Rule 45(c)(3)(A)(ii) states, in pertinent part, the court by which a subpoena was issued must quash or modify the subpoena if it:

> requires a person who is neither a party nor a party's officer of a party to travel more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person – except that, subject to the provisions of clause (c)(3)(B)(iii), the person may be commanded to attend a trail by traveling from any such place within the state where the trial is held
> * * *

3

Clearly, court does not have the subpoena power to require 22 Alabama witnesses to testify at the trial of this matter. Accordingly, plaintiff's motions to summons all witnesses are **DENIED**.

**Motion to Compel (Rec. Doc. 25)**

Plaintiff seeks an order compelling defendants to produce information such as last known addresses and/or telephone numbers for five witnesses whom plaintiff claims witnessed or has information regarding the incident giving rise to her excessive force claim. Defendants responded by providing the information requested for four of the witnesses, however defendants were unable to identify a former employee known as "Pullard." Defendants note that they have provided plaintiff with her entire prison and medial record along with copies of witnesses' statements.

Considering the foregoing, the undersigned concludes that defendants have responded to plaintiff's request. Although defendants were unable to identify one witness, a search for the witness was undertaken, however, it was unsuccessful. Accordingly, the motion to compel is **DENIED.**

**Motion for Medical Records to be Subpoenaed (Rec. Doc. 27)**

Plaintiff seeks an order requiring the Alabama Department of Corrections Health Care Service to produce all medical records of plaintiff from May 20, 1993 to date. Plaintiff maintains that, "These records will show that the Plaintiff had no injury to her right wrist prior to the attack on her by Michael Stridel on April 21, 2006. These records will reflect the injury she received on April 21, 2006 and all treatment being returned from J.B. Evans Correctional Center on October 13, 2006." Defendants do not object to plaintiff subpoenaing the medical records.

4

"As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed.R.Civ.P. 34(c). Rule 45(a)(2)(C), which governs the issuance of subpoenas, provides that a subpoena for production of documents (that is separate from a subpoena requiring the person's attendance) must issue from the court for the district where the production will be made.

Here, plaintiff seeks production of documents from Alabama Department of Corrections. The production is to be made where plaintiff is currently incarcerated in Wetumpka, Alabama. Thus, this court is not the proper court to issue the requested subpoena. Accordingly, plaintiff's motion to subpoena medical records is **DENIED**. Plaintiff is instructed that a request for subpoena should be filed with the Middle District of Alabama, Northern Division, Clerk of Court P.O. Box 711 Montgomery Alabama 36101-0711.

Signed at Lafayette, Louisiana, on January 25, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)